UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JATONE D. MINCEY,<br>    Plaintiff, | Case No. 1:20-cv-1039 |
| vs | Barrett, J.<br>Bowman, M.J. |
| THE STATE. OF OHIO, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a pretrial detainee at the Hamilton County Justice Center (HCJC), has filed this civil-rights action pursuant to 42 U.S.C § 1983 and Ohio state law against the State of Ohio, Judge Lisa Allen, and prosecuting attorney Elizabeth Katherine Pridemore. (Doc. 1-1). Plaintiff alleges violations of his rights in connection with a criminal action pending against him in the Hamilton County Court of Common Pleas, two alleged incidents of excessive force involving non-defendant HCJC deputies, and the alleged denial of plaintiff's telephone privileges for eight days. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that defendants have violated a litany of his rights in a criminal case (No. B1701856) pending in Hamilton County, Ohio.[1] His issues with the underlying state prosecution include alleged due process, speedy-trial, and First Amendment violations, ineffective assistance of counsel, false imprisonment, malicious prosecution, abuse of authority, aiding and abetting, and coercion. (Doc. 1-1 at PageID 10, 14-15). Plaintiff also alleges that two non-defendant HCJC deputies used excessive force against him and that his telephone privileges were restricted for eight days. (Doc. 1-1 at PageID 11, *see also* Doc. 1-1 at Pages 7-8). Plaintiff seeks unspecified relief for his claims. (Doc. 1-1 at PageID 11).

---

[1] A review of the state-court docket in Case No. B1701856 reveals that plaintiff's underlying criminal matter has been continued to April 5, 2021. (*See* Nov. 24, 2020 Entry of Continuance, viewed at the Hamilton County Clerk of Courts website at http://www.courtclerk.org/). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Plaintiff's complaint is subject to dismissal for the reasons below.

As an initial matter, the complaint must be dismissed against the State of Ohio because it is immune from suit. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case.

Next, absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Younger v. Harris,* 401 U.S. 37 (1971). Under *Younger*, the federal court must abstain where "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional

4

claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. Because plaintiff's criminal case remains pending in state court, the first *Younger* factor is satisfied. Second, the criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise any constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm*, 44 F.3d at 420 (citing *Pennzoil Co.*, 481 U.S. at 15). Plaintiff possess an adequate opportunity to raise any constitutional issues in his pending state court action or in a subsequent appeal. Because plaintiff has failed to allege facts suggesting the existence of extraordinary circumstances barring abstention, abstention under *Younger* is appropriate.[2]

Further, "[p]ersonal involvement is necessary to establish section 1983 liability." *Murphy*

---

[2]To the extent that plaintiff asserts a speedy-trial claim seeking a prompt trial, he may seek habeas corpus relief under 28 U.S.C. § 2241, after he has exhausted his available state remedies. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973); *Atkins v. Michigan*, 644 F.2d 543, 546-47 (6th Cir. 1981). *See, e.g.*, *Williams v. Kentucky*, No. 5:20-CV-450-GFVT, 2020 WL 7249033, at *2 (E.D. Ky. Dec. 9, 2020) ("To the extent that [the plaintiff] complains about the ongoing criminal prosecution against him (including his claims of a Speedy Trial violation), the relief he seeks is available only through habeas corpus.").

5

*v. Greiner*, 406 F. App'x 972, 974 (6th Cir. 2011). *See also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995) ("Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability."); *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (holding that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants"). Plaintiff does not assert that any of the defendants were involved in the alleged incidents of excessive force or the alleged denial of telephone privileges. Accordingly, such claims are subject to dismissal.

Finally, in light of the dismissal of plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over any state-law claims that remain against defendants. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, in sum, plaintiff's complaint should be (1) **DISMISSED without prejudice** pursuant to the *Younger* abstention doctrine to the extent plaintiff brings claims challenging the criminal charges pending against him in the Hamilton County Court of Common Pleas, *see Loch v. Watkins*, 337 F.3d 574, 579 (6th Cir. 2003) (affirming dismissal of claims on the ground of abstention);[3] (2) **DISMISSED with prejudice** to the extent plaintiff seeks relief based on the alleged actions of non-party defendants; and (3) **DISMISSED without prejudice** to the extent any state-law claims remain against defendants because the Court should decline to exercise

---

[3]In the event that plaintiff is convicted in the underlying state criminal case, the Court notes that a subsequent § 1983 civil rights action challenging the validity of those proceedings will not lie unless plaintiff has been successful in having the conviction or sentence invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). If plaintiff is convicted in state court and believes that his federal constitutional rights were violated, he may file an application for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 after exhausting state remedies.

supplemental jurisdiction over these claims under 28 U.S.C. § 1367(c).   *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1.	Plaintiff's complaint be **DISMISSED without prejudice** pursuant to the *Younger* abstention doctrine to the extent plaintiff brings claims challenging the criminal charges pending against him.

2	Plaintiff's complaint be **DISMISSED with prejudice** to the extent plaintiff seeks relief based on the alleged actions of non-party defendants.

3	Plaintiff's complaint be **DISMISSED without prejudice** to the extent any state-law claims remain against defendants.   *See* 28 U.S.C. § 1367(c).

4.	The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith.   *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

　　　　　　　　　　　　　　　　　　　　*s/Stephanie K. Bowman*
　　　　　　　　　　　　　　　　　　　　Stephanie K. Bowman
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JATONE D. MINCEY,                       Case No. 1:20-cv-1039
    Plaintiff,

                                                 Barrett, J.
    vs                                  Bowman, M.J.

THE STATE. OF OHIO, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).